THE BOARD OF COMMISSIONERS OF CARROLL COUNTY *v.*
WILSON.

The board of county commissioners may be sued on an account for medical
services rendered a pauper.

APPEAL from the *Carroll* Circuit Court.

PERKINS, J.—*Wilson* presented to the commissioners of
*Carroll* county a claim for services, as a physician, be-
stowed upon a pauper of said county, and demanded its
allowance and payment. The account had appended to
it the certificate of two overseers of the poor of a certain
township in said county that said medical services had
been rendered. The county commissioners refused to al-
low the claim. *Wilson* appealed to the Circuit Court.
Trial there by jury, and the claim allowed. The Court
concurred in the finding of the jury. The evidence is not
upon the record. The ground of defence, as urged in
this Court is, that the overseers of the poor, and not the
county, should have been sued.

We think the proceeding was properly against the
county. The poor are a county, not a township, charge.
The commissioners may collect a tax for their support—
may order persons put upon the poor list, where the
overseers have refused to so place them—the pay for the
support of the poor is to be upon the order of the county
commissioners—the commissioners may build county
poor-houses, and it is made their duty to examine, settle,
and allow accounts against the county, and they may
"be sued by any person or persons having any manner of
claim against said county." Perhaps, this claim might
have been payed by the overseers of the poor, and then
been by them presented for allowance to the county
board. But suppose the overseers had refused to pay it,
as it was a claim against the county, the board of com-
missioners could have been sued. Why, then, in the first
instance, should not the claim be presented to them?
Perhaps the overseers, even, might have been sued. On
this point, however, we decide nothing. We only decide
that from what appears in this case, we cannot say that

this claim might not be presented to the board as was done, and, if just, should not have been allowed by them. As the evidence is not upon the record, we do not know but the overseers may have refused to pay it.

*Per Curiam.*—The judgment is affirmed,

*H. Allen* and *G. S. Orth*, for the appellant.

*D. D. Pratt*, for the appellee.